**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF
REINSTATEMENT OF DAVID L.
TANNER, BAR NO. 2366.

No. 67067

**FILED**

SEP 18 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF REINSTATEMENT

This is a petition for reinstatement to the practice of law by suspended attorney David L. Tanner. A hearing panel of the Southern Nevada Disciplinary Board recommended that Tanner be reinstated to the practice of law subject to conditions.[1]

In its December 16, 2014, findings of fact, conclusions of law, and recommendation, the hearing panel found that Tanner demonstrated by "clear and convincing evidence that he has the competency and learning of law, that he has the moral qualifications required to be reinstated to the practice of law and that allowing him to resume law

---

[1]This court suspended Tanner from the practice of law for two years, retroactive to his temporary suspension on March 31, 2011, and indicated that reinstatement would not be considered "unless it is clearly demonstrated that he understands his ethical duties regarding clients' property, including trust account management, and that for at least one year following any reinstatement: (1) a mentor, chosen by the bar, is required to monitor Tanner's practice and report to the bar on a quarterly basis; (2) a co-signatory, approved by the bar, is required on Tanner's trust account; and (3) quarterly audits of his trust account are required." *In re Discipline of Tanner*, Docket No. 61583 (Order of Suspension, July 3, 2014).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-28360

practice would not be a detriment to the integrity and standing of the Bar or the administration of the Bar." *See* SCR 116(2).

The panel recommended that Tanner be reinstated, and pursuant to this court's July 3, 2014, order, that Tanner be subject to the following conditions upon reinstatement: (1) complete 10 hours of Continuing Legal Education credits in trust accounting, said credits being in addition to the 12 credits required by the CLE board; (2) take and pass the MPRE; (3) maintain a State-Bar-approved mentor for two years, with regularly scheduled meetings and with the mentor providing quarterly reports to the State Bar documenting Tanner's practice and any issues of concern; (4) be employed by another attorney for one year after reinstatement; (5) should Tanner be a solo practitioner following one year of employment by a licensed attorney, hire an outside accounting professional to maintain and reconcile all of his professional bank accounts for one year; and (6) maintain a co-signatory on his trust account for two years, with quarterly audits of his trust account provided timely to the State Bar. Additionally, Tanner shall pay the costs of the reinstatement proceeding within 30 days of an order from this court directing him to do so.

SCR 116(2) requires that an attorney seeking reinstatement demonstrate "by clear and convincing evidence that he or she has the moral qualifications, competency, and learning in law required for admission to practice law in this state," and that the attorney's "resumption of the practice of law will not be detrimental to the integrity and standing of the bar, to the administration of justice, or to the public interest."

Having reviewed the record and the documents on file in this matter, we conclude that clear and convincing evidence supports the panel's findings and conclusions. We therefore approve the panel's recommendation that the petition be granted subject to conditions. Accordingly, David L. Tanner is hereby reinstated to the practice of law, subject to the conditions set forth above. Tanner shall pay the costs of the reinstatement proceeding within 30 days of this order. *See* SCR 120.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                   Douglas

_____, J.          _____, J.
Cherry                        Saitta

_____, J.          _____, J.
Gibbons                       Pickering

cc: Chair, Southern Nevada Disciplinary Board
William B. Terry, Chartered
Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, United States Supreme Court